UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWARDO ARIZA, | |
| Petitioner, | |
| – against – | |
| WILLIAM A. LEE, as Superintendent of Green Haven Correctional Facility, | |
| Respondent. | |

**MEMORANDUM, ORDER, AND JUDGMENT**

No. 13-CV-359





★ NOV 1 3 2013 ★

BROOKLYN OFFICE

**Appearances**

    **For Petitioner:**

        Frank Handelman, Esq.
        Law Offices of Frank Handelman
        45 Braodway
        New York, NY 10006

    **For Respondent:**

        Sholom Twersky, Esq.
        Assistant District Attorney
        CHARLES J. HYNES
        District Attorney, Kings County
        Renaissance Plaza
        350 Jay St.
        Brooklyn, NY 11201

**JACK B. WEINSTEIN, Senior United States District Judge:**

I.    Introduction ................................................................................................................3

II.    Facts and Procedural History.......................................................................................3

        A.    Crime of Conviction and Trial...........................................................................3

        B.    Direct Appeal .....................................................................................................4

        C.    C.P.L. § 440 Motions..........................................................................................5

        D.    Instant Petition ...................................................................................................5

III.    Applicable Law............................................................................................................6



      A.     Antiterrorism and Effective Death Penalty Act ...................................................6

      B.     Exhaustion........................................................................................................8

      C.     Procedural Bar ..................................................................................................9

      D.     Ineffective Assistance of Counsel..................................................................11

IV.    Application of Law to Facts ....................................................................................14

      A.     Jury Instructions.............................................................................................14

      B.     Jury Verdict....................................................................................................15

      C.     Sentence .........................................................................................................17

      D.     Prosecutorial Misconduct...............................................................................18

      E.     Ineffective Assistance of Counsel..................................................................19

V.     Conclusion ..............................................................................................................21

## I.  Introduction

Petitioner, Edwardo Ariza, seeks a writ of habeas corpus. *See* 28 U.S.C. § 2254. Following a state jury trial, he was convicted of two counts of gang assault in the first degree, one count of robbery in the first degree, and one count of assault in the second degree. He was sentenced to fourteen years in prison.

Petitioner argues that: (1) the trial court inadequately responded to a jury question; (2) the verdict was against the weight of the evidence and was repugnant; (3) the sentence was excessive; (4) the prosecutor engaged in misconduct; and (5) counsel was ineffective.

The petition is denied.

## II.  Facts and Procedural History

### A. Crime of Conviction and Trial

In October 2001, petitioner and several accomplices encountered another group of young men in the street and attacked them, possibly as a form of "initiation." Trial Tr. 36–37, 85. The victims were severely beaten and a gold chain was taken. *Id.* at 38–39. They were treated at a local hospital for potentially fatal wounds. *Id.* at 103. Shortly after the fight, a co-defendant and two co-perpetrators were stopped near the scene of the attack because they matched the given descriptions and had blood on their clothing. *Id.* at 334, 380–81. A handgun and a bloody knife were recovered from an accomplice. *Id.* at 334. Petitioner was apprehended and arrested at his home later that day. *Id.* at 652–55.

At trial, petitioner was represented by Carmen Velasquez, Esq. *Id.* at 2. Petitioner was the last witness called to testify by defense counsel. *Id.* at 629. He was under oath and answered questions on direct and cross examination about his alibi. *Id.* at 629, 629–56. He claimed he was at home with his family, asleep. *Id.* at 632, 642.

At sentencing, with new counsel, petitioner admitted that he had lied about his whereabouts on the night of the attack. Tr. of Sentencing Hr'g 12, Dec. 22, 2004.

The sentence consisted of a prison term of seven years for the first gang assault count, a concurrent prison term of five years for a single count of robbery, a concurrent prison term of two years for a single count of assault, and a consecutive prison term of seven years for the other gang assault count. *Id.* at 14–15. Five years of supervised release was imposed. *Id.*

## B. Direct Appeal

An appeal was taken to the Appellate Division, Second Department. *See* Br. for Def.-Appellant, Oct. 22, 2009. Claimed was that the trial court did not adequately respond to a jury question, that the jury verdict was repugnant, and that the sentence was excessive. *See id.* at 27, 31, 36.

Petitioner's supplemental pro se brief argued prosecutorial misconduct and ineffective assistance of counsel. *See* Supplemental Br. for Defendant-Appellant 23–39, Feb. 26, 2010.

The Appellate Division affirmed. *People v. Ariza*, 77 A.D.3d 844, 909 N.Y.S.2d 148 (2d Dep't 2010). It found that the guilty verdict was not against the weight of the evidence, *id.* at 845, 909 N.Y.S.2d at 149; contentions regarding jury instructions, prosecutorial misconduct, and the repugnancy of the verdict were unpreserved and without merit. *Id.* at 845–46, 909 N.Y.S.2d at 149–50. The ineffective assistance of counsel claim, to the extent it could be reviewed based on the record, was found to be meritless, *id.* at 846, 909 N.Y.S.2d at 150; petitioner's sentence was not excessive, *id.*; and the "remaining contentions, raised in his supplemental pro se brief, [were] unpreserved for appellate review and, in any event, [were] without merit." *Id.*

Leave to appeal to the Court of Appeals on all the claims raised was denied. *People v. Ariza*, 15 N.Y.3d 951, 917 N.Y.S.2d 111 (2010).

4

## C. C.P.L. § 440 Motions

A motion to vacate the conviction was filed pro se in January 2012, on the grounds of ineffective assistance of counsel and prosecutorial misconduct. *See* Aff. in Support of Mot. to Vacate J. ¶¶ 5–17, 18–20. It was denied.

Petitioner, again pro se, submitted a motion to reargue his prior motion to vacate on the same grounds. *See* Aff. in Support of Mot. for Reargument. It was denied. *See* Decision and Order (Sup. Ct. Kings County Nov. 30, 2012). The court held that the relief sought by petitioner was "procedurally barred, lack[ed] merit, and ha[d] been fully and fairly reviewed." *Id.*

## D. Instant Petition

After exhausting his state court remedies, petitioner timely filed a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254; Petition, Jan. 16, 2013, CM/ECF No. 1. He asserts that (1) the trial court inadequately responded to a jury question; (2) the verdict was against the weight of the evidence and was repugnant; (3) the sentence was excessive and grossly disproportionate to that of his co-defendant; (4) the prosecutor engaged in misconduct; and (5) counsel was ineffective.

A non-evidentiary hearing was held on October 24, 2013. Petitioner participated from prison via telephone. *See Goldberg v. Tracy,* 247 F.R.D. 360, 392 (E.D.N.Y. 2008) (discussing administrative benefits of telephonic participation by petitioners when appropriate); *Harrison v. Sentowski,* 247 F.R.D. 402, 414–18 (E.D.N.Y. 2008) (petitioner's telephonic participation was proper for non-evidentiary hearing). Petitioner's presence at the hearing was not necessary since issues of law only were being discussed. *See, e.g., Oyague v. Artuz,* No. 98-CV-6372, 2008 WL 5395748, at *8 (E.D.N.Y. Dec. 12, 2008) (*"[u]nless the application for the writ [of habeas corpus] and the return present only issues of law* the person to whom the writ is directed shall be

required to produce at the hearing the body of the person detained." (quoting 28 U.S.C. § 2243))

(emphasis added); *see also Tyler v. U.S.*, No. 09-CV-1642, 2010 WL 276183 at *3 (E.D.N.Y.

Jan. 19, 2010) (prisoner participated in non-evidentiary hearing by phone). The courtroom was

cleared three times during the hearing so petitioner and his attorney could discuss petitioner's

views. No new evidence was presented. No testimony was taken. The decision turned on an

evaluation of documents in the record.

## III. Applicable Law

### A. Antiterrorism and Effective Death Penalty Act

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal

court may grant a writ of *habeas corpus* to a state prisoner on a claim that was "adjudicated on

the merits" in state court only if it concludes that the adjudication of the claim "(1) resulted in a

decision that was contrary to, or involved an unreasonable application of, clearly established

Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a

decision that was based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding." 28 U.S.C. § 2254(d).

An "adjudication on the merits" is a substantive, rather than a procedural, resolution of a

federal claim. *See, e.g., Sellan v. Kuhlman*, 261 F.3d 303, 313 (2d Cir. 2001) (citing, e.g., *Aycox

v. Lytle*, 196 F.3d 1174, 1178 (10th Cir. 1999)). "Under the 'contrary to' clause, a federal habeas

court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the

Supreme Court] on a question of law or if the state court decides a case differently than [the

Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S.

362, 412-13 (2000); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "Under the 'unreasonable

application' clause, a federal habeas court may grant the writ if the state court identifies the

correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413; *Bell*, 535 U.S. at 694. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 411. In order to grant the writ there must be "[s]ome increment of incorrectness beyond error," although "the increment need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." *Francis S. v. Stone*, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted); *see also Richard S. v. Carpinello*, 589 F.3d 75, 80 (2d Cir. 2009).

"[F]ederal law, as determined by the Supreme Court, may as much be a generalized standard that must be followed, as a bright-line rule designed to effectuate such a standard in a particular context." *Overton v. Newton*, 295 F.3d 270, 278 (2d Cir. 2002); *see also Yung v. Walker*, 341 F.3d 104, 111 (2d Cir. 2003) (district court's habeas decision remanded for reconsideration in light of "the more general teachings" of applicable Supreme Court decision). The Court of Appeals for the Second Circuit has also indicated that habeas relief may be granted if a state court's decision was contrary to or an unreasonable application of "a reasonable extension" of Supreme Court jurisprudence. *Torres v. Berbary*, 340 F.3d 63, 72 (2d Cir. 2003). Determination of factual issues made by a state court "shall be presumed to be correct," and the applicant "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## B. Exhaustion

In the past, a state prisoner's federal habeas petition had to be dismissed if the prisoner did not exhaust available state remedies as to any of his federal claims. *See Rose v. Lundy*, 455 U.S. 509, 522 (1989). "This exhaustion requirement [was] . . . grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of [a] state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Exhaustion required the petitioner to have presented to the state court "both the factual and the legal premises of the claim he asserts in federal court." *Daye v. Attorney General*, 696 F.2d 186, 191 (2d Cir. 1982) (en banc).

A district court now has four options in dealing with petitions containing exhausted and unexhausted claims—so-called "mixed petitions."

First, it may deny the petition on the merits when the claims are clearly meritless. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state.").

Second, a court may stay a mixed petition when three requirements are met:

> [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if [1] the petitioner had good cause for his failure to exhaust, [2] his unexhausted claims are potentially meritorious, and [3] there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. In such a case, the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions.

*Rhines v. Weber*, 544 U.S. 269, 278 (2005) (citation omitted). *Accord Keating v. New York*, 708 F. Supp. 2d 292, 299, 299 n.11 (E.D.N.Y. 2010); *See also Rhines*, 544 U.S. at 279 (Stevens, J.,

concurring) ("I [concur] on the understanding that [the court's] reference to 'good cause' for failing to exhaust state remedies more promptly . . . is not intended to impose the sort of strict and inflexible requirement that would trap the unwary *pro se* petitioner.") (citations and internal quotation marks omitted).

Third, a district court may allow a petitioner to omit the unexhausted claim and proceed with the exhausted claim. *Rhines*, 544 U.S. at 278.

Fourth, a district court may dismiss the petition in its entirety without prejudice. *Rodriguez v. Portunodo*, No. 01 Civ. 547 GEL, 2003 WL 22966293, *3 (S.D.N.Y. Dec. 15, 2003).

The state may waive the exhaustion requirement, but a "State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement." *Id.* § 2254(b)(3); *see also Graziano v. Lape*, No. 9:04-CV-84, 2008 WL 2704361, at *5 n.9 (N.D.N.Y. 2008) (state's failure to raise exhaustion requirement does not waive the issue).

## C. Procedural Bar

A federal habeas court may not review a state prisoner's federal claims if those claims were defaulted in state court pursuant to an independent and adequate state procedural rule, "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. In determining whether a procedural bar is sufficient to preclude habeas review, a federal court must consider as "guideposts" the following:

> (1) whether the alleged procedural violation was actually relied on in the trial court, and whether perfect compliance with the state rule would have

9

changed the trial court's decision; (2) whether state caselaw indicated that compliance with the rule was demanded in the specific circumstances presented; and (3) whether petitioner had "substantially complied" with the rule given "the realities of trial," and, therefore, whether demanding perfect compliance with the rule would serve a legitimate governmental interest.

*Clark v. Perez*, 510 F.3d 382, 391 (2d Cir. 2008) (quoting *Cotto v. Herbert*, 331 F.3d 217, 240 (2d Cir. 2003) (citing *Lee v. Kemna*, 534 U.S. 362 (2002))).

State procedural rules are insufficient to bar federal review of a claim if the rules are not strictly or regularly followed, *see Barr v. City of Columbia*, 378 U.S. 146, 149 (1964); are novel and unforeseeable, *see NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449, 457 (1958); allow noncompliance, *see Sullivan v. Little Hunting Park, Inc.*, 396 U.S. 229, 233–34 (1969); or impose undue burdens on the assertion of federal rights, *see Douglas v. Alabama*, 380 U.S. 415, 422–23 (1965). *See also Ford v. Georgia*, 498 U.S. 411, 423–24 (1991). *See generally* Kermit Roosevelt III, *Light from Dead Stars: The Procedural Adequate and Independent State Ground Reconsidered*, 103 Colum. L. Rev. 1888 (2003) (addressing origins of the doctrine).

If a state court holding contains a plain statement that a claim is procedurally barred then the federal habeas court may not review it, even if the state court also rejected the claim on the merits in the alternative. *See Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989) ("a state court need not fear reaching the merits of a federal claim in an *alternative* holding" so long as it explicitly invokes a state procedural rule as a separate basis for its decision). If a state court says that a claim is "not preserved for appellate review" and then rules "in any event" on the merits, the claim is not preserved. *See Glenn v. Bartlett*, 98 F.3d 721, 724–25 (2d Cir. 1996).

"[W]hen a state court uses language such as 'the defendant's remaining contentions are either unpreserved for appellate review *or* without merit,' the validity of the claim is preserved and is subject to federal review." *Fama v. Comm'r of Corr. Svcs.*, 235 F.3d 804, 810 (2d Cir.

2000) (alteration omitted; emphasis added); *see also Jimenez v. Walker*, 458 F.3d 130, 146 (2d Cir. 2006).

Claims that are not found to have been procedurally barred are presumed to have been decided on the merits, so that AEDPA deference applies:

> [T]he Circuit court in *Jimenez* held that "federal habeas courts should distinguish between two mutually exclusive categories of state-court decisions disposing of a federal claim: (1) state-court decisions that fairly appear either to rest primarily on federal law, or to be interwoven with federal law and (2) state-court decisions that fairly appear to rest primarily on state procedural law." 458 F.3d at 138. If the reviewing court determines that it has "'good reason' to doubt that the decision rests on an independent and adequate state ground," *id.* at 137 (quoting Coleman v. Thompson, 501 U.S. at 739), the claim is presumed to have been adjudicated on the merits, and AEDPA deference to the state court adjudication applies. Id. at 146.

*Rush v. Artuz*, No. CV-99-2840, 2009 WL 982418, at *5 (E.D.N.Y. April 10, 2009). "[I]n the absence of a clear and express reliance on a state procedural bar, those state court decisions that fall within the first category must be 'afforded AEDPA deference as adjudications on the merits under 28 U.S.C. § 2254(d).'" *Id.* (quoting *Jimenez*, 458 F.3d at 145).

## D. Ineffective Assistance of Counsel

The Sixth Amendment requires that criminal defendants "shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right to counsel is "the right to the effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970) (emphasis added). The Supreme Court has explained:

> In giving meaning to the requirement ... we must take its purpose—to ensure a fair trial—as the guide. The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.

*Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to prevail on an ineffective assistance claim, a petitioner must prove both that counsel's representation "fell below an objective standard of reasonableness" measured under "prevailing professional norms," *id.* at 688, and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Ineffective assistance of counsel may be demonstrated where counsel performs competently in some respects but not in others. *See Eze v. Senkowski*, 321 F.3d 110, 112 (2d Cir. 2003).

In evaluating the prejudice suffered by a petitioner as a result of counsel's deficient performance, "cumulative weight of error" determines whether the prejudice "reached the constitutional threshold." *Lindstadt v. Keane*, 239 F.3d 191, 202 (2d Cir. 2001). "Moreover, a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." *Strickland*, 466 U.S. at 696. "The result of a proceeding can be rendered unreliable, and hence the proceeding itself unfair, even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome." *Henry v. Poole*, 409 F.3d 48, 64 (2d Cir. 2005) (original emphasis; quoting *Strickland*, 466 U.S. at 694); *see also Rosario v. Ercole*, 601 F.3d 118, 122–28 (2d Cir. 2010).

Strategic choices made by counsel after a thorough investigation of the facts and law are "virtually unchallengeable," though strategic choices "made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 690–91; *see also Eze,* 321 F.3d at 136. Counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. The duty to

investigate does not require counsel to conduct a searching investigation into every defense, *see id.* at 699, or "to scour the globe on the off-chance that something will turn up." *Rompilla v. Beard*, 545 U.S. 374, 383, 125 S.Ct. 2456, 162 L.Ed.2d 360 (2005). "Reasonably diligent counsel may draw a line when they have good reason to think further investigation would be a waste." *Id.*; *United States v. Caracappa*, Nos. 09-1177-CR, 09-3115-CR, 2010 WL 2884970, at 12 (2d Cir. July 23, 2010) (quoting *United States v. Eppolito*, 436 F.Supp.2d 532, 562 (E.D.N.Y. 2006). There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U .S. at 689; *see also Bierenbaum v. Graham*, 607 F.3d 47, 50–51 (2d Cir. 2010).

Each separate factual claim made in support of an allegation of ineffective assistance of counsel must be fairly presented to a state court before a federal habeas court may rule upon it. *See Rodriguez v. Hoke*, 928 F.2d 534, 538 (2d Cir. 1991) (dismissing petition as unexhausted where petitioner's claim of ineffective assistance of counsel alleged more deficiencies before the habeas court than were presented to the state court, because "[t]he state courts should have been given the opportunity to consider all the circumstances and the cumulative effect of all the claims as a whole" (internal quotation marks omitted)). Where an additional factual claim in support of the ineffective-assistance allegation merely "supplements" the ineffectiveness claim and does not "fundamentally alter" it, dismissal is not required. *Vasquez v. Hillery*, 474 U.S. 254, 260, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986); *Caballero v. Keane*, 42 F.3d 738, 741 (2d Cir. 1994); *accord Jones v. Keane*, 329 F.3d 290, 294–95 (2d Cir. 2003) ("[T]he claim presented to the state court, in other words, must be the 'substantial equivalent' of the claim raised in the federal habeas petition.") (citations omitted).

The Strickland test is also used with respect to claims of ineffective appellate counsel. *See Forbes v. United States*, 574 F.3d 101, 106 (2d Cir. 2009). Appellate counsel does not have a duty to advance every nonfrivolous argument that could be made, *see Jones v. Barnes*, 463 U.S. 745, 754, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983), but a petitioner may establish that appellate counsel was constitutionally ineffective "if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994). Either a federal or a state law claim that was improperly omitted from an appeal may form the basis for an ineffective assistance of appellate counsel claim, "so long as the failure to raise the state claim fell outside the wide range of professionally competent assistance." Id. (internal quotation marks and ellipsis omitted).

## IV. Application of Law to Facts

### A. Jury Instructions

Petitioner claims that the trial court erred by rereading its original instructions in response to the jury's request for clarification on the definition of "acting in concert." The Appellate Division found this contention unpreserved for appellate review and also meritless. *People v. Ariza*, 77 A.D.3d 844, 845, 909 N.Y.S.2d 148, 149 (2d Dep't 2010). Because petitioner has not made a showing of cause for this default and prejudice, there is an independent and adequate state ground precluding this court from reviewing defendant's claim. *See Teague v. Lane*, 489 U.S. 288, 288–289 (1989); *Reed v. Ross*, 468 U.S. 1, 11 (1984); *Engle v. Isaac*, 456 U.S. 107, 129 (1982).

A jury may request further instructions at any time during its deliberations, and if it does, the court must "give such requested information or instructions as [it] deems proper." *See* N.Y.Crim. Proc. Law § 310.30. While the trial court has discretion in giving supplemental

instructions, it must respond meaningfully to the jury's inquiry. The sufficiency of a response is measured by "the form of the jury's question, which may have to be clarified before it can be answered, the particular issue of which the inquiry is made, the supplemental instructions actually given and the presence or absence of prejudice to the petitioner." *People v. Almodovar*, 62 N.Y.2d 126, 131–32, quoting *People v. Malloy*, N.Y.2d 296, 301.

In the instant case, the court responded meaningfully to the jury's inquiry. During deliberations, the jury requested, "Please clarify the meaning of acting in concert." Trial Tr. 829. The court explained to counsel that it would re-read the charge on accessorial conduct in response to this request. *Id.* Co-defendant's counsel said, "I agree." *Id.* Defendant's counsel did not reply. *Id.* The court re-read the instructions on accessorial liability. *Id.* The jury did not submit further requests regarding the meaning of "acting in concert," presumably indicating that the jury's question had been answered.

This claim has no merit.

## B.  Jury Verdict

Petitioner claims that the verdict was against the weight of the evidence and repugnant. The Appellate Division found this contention unpreserved for appellate review and meritless. *Ariza*, 77 A.D.3d at 845–46, 909 N.Y.S.2d at 149. For the same reasons stated above, there is an independent and adequate state ground precluding this court from reviewing this claim.

This claim does not survive the presumptive validity a post-conviction court is required to give the decisions of the trier of fact. The relevant question for this court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Petitioner "bears a very heavy burden" when challenging

the legal sufficiency of the evidence in a state criminal conviction. *Einaugler v. Supreme Court*, 109 F.3d 836, 840 (2d Cir. 1997).

To support his claim that the verdict was against the weight of the evidence, petitioner points to witness testimony that he believes should exculpate him. He claims that Mr. Martinez, the individual who was attacked, was impeached when he testified about the presence of a gun. The actual testimony indicates that, although there is some ambiguity, Mr. Martinez did identify the object as a gun.

> Q        In fact, you didn't know, in October in the year 2001, what was the object that hit you in the back.
>                     Is that correct?
> A        Correct, I still don't know what was the object.
> Q        Still don't know?
> A        Right.
> Q        So you're telling us that as you stand here you don't know what object hit you in the back?
> A        The first time.
> Q        The first time, second time or any time?
> A        No, well, there's a difference.
>                     Oh, I did, I definitely saw an object.  I definitely saw Eddie with the gun, pistol-whipping me as I begged him, to tell him to stop and not shoot me.

Trial Tr. 120–123. Petitioner also claims that an eye-witness testified that petitioner did not hit the victim with a gun. *See* Trial Tr. 602. This testimony conflicts with testimony from other eye-witnesses, who claimed that petitioner did hit the victim with a gun. *See, e.g.*, Trail Tr. 263.

Neither of petitioner's claims is sufficient to override the findings of fact in this case. Challenging witness testimony does not show that the verdict is against the weight of evidence, but merely asserts that evidence should not have been given the weight it was accorded. For petitioner to prevail, this court would have to find that no rational jury could believe the

incriminating witness statements or not believe the exculpatory witness statements. The evidence does not support this conclusion.

Petitioner claims that the verdict was repugnant because he was convicted of assault in the second degree yet acquitted of criminal possession of a weapon in the second, third, and fourth degrees. The elements of assault in the second degree do not contradict the elements of criminal possession of a weapon in the second, third, and fourth degrees. Even if the conviction for assault in the second degree were inconsistent with the acquittal of criminal possession of a weapon in the second, third, and fourth degrees, "[t]he law is clear that a defendant may not attack his conviction on one count because it is inconsistent with an acquittal on another count." *United States v. Romano*, 879 F.2d 1056, 1060 (2d Cir. 1989), *citing United States v. Powell*, 469 U.S. 57 (1984).

This claim has no merit.

## C. Sentence

Petitioner claims that the sentence was excessive because it (1) was disproportionate to that of his co-defendant and (2) did not account for his potential for rehabilitation.

The assertion that a sentencing judge abused his or her discretion in sentencing is generally not a federal claim subject to review by a habeas court. *See Fielding v. LeFevre*, 548 F.2d 1102, 1109 (2d Cir. 1977) (citing *Townsend v. Burke*, 334 U.S. 736, 741, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948)). A challenge to the term of a sentence is not a cognizable constitutional issue if the sentence falls within the statutory range. *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992). Federal courts have traditionally deferred to state legislatures with respect to sentencing matters. See *Ewing v. California*, 538 U.S. 11, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003) (sentence of 25 years to life in prison for stealing three golf clubs by a recidivist not cruel and

unusual); *Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003) (sentence of 25 years to life in prison for stealing $150–worth of videotapes not cruel and unusual).

The sentence that was imposed on petitioner finds sanction in New York statutory law. The sentencing transcript provides multiple reasons for the differences in sentences imposed on petitioner and his co-defendant, including that petitioner was convicted of additional counts. Sent. Tr. 2-5. Petitioner's total sentence was not cruel and unusual in a constitutional sense.

This claim has no merit.

### D. Prosecutorial Misconduct

Petitioner argues that the prosecutor's remarks regarding the truthfulness of the witnesses and the interpretation of evidence during opening and summation deprived him of a fair trial. This argument, for reasons stated above, is procedurally barred. It also fails on the merits.

The alleged improper comments include: "They had weapons – knives and guns," Trial Tr. 39; "Charlie Moreno and Rudy Martinez have him as pistol whippers," *Id.* at 726; ". . . virtually all of these young men were stabbed . . . by this group of very vicious young men, who attacked our birthday group," *Id.* at 72; and "What [the witness] said was I did not see the entire fight," *Id.* at 723.

Ordinarily, a prosecutor's misconduct will require reversal of a state court conviction only where the remark so infected the trial so as to make it fundamentally unfair, and, therefore, a denial of due process. *Donnelly v. DeChristoforo*, 416 U.S. 637, 645 (1974). Nonetheless, "when the impropriety complained of effectively deprived the defendant of a specific constitutional right, a habeas claim may be established without requiring proof that the entire trial was thereby rendered fundamentally unfair." *Mahorney v. Wallman*, 917 F.2d 469, 472 (10th Cir. 1990) (citing *DeChristoforo*, 416 U.S. at 643). Inquiry into the fundamental fairness

of a trial requires an examination of the effect of any misconduct within the context of the entire proceedings. *DeChristoforo*, 416 U.S. at 643. In order to view any prosecutorial misconduct in context, "we look first at the strength of the evidence against the defendant and decide whether the prosecutor's statements plausibly could have tipped the scales in favor of the prosecution. . . . Ultimately, we must consider the probable effect the prosecutor's [statements] would have on the jury's ability to judge the evidence fairly." *Fero v. Kerby*, 39 F.3d 1462, 1474 (10th Cir. 1994) (quotations omitted).

The state appellate court found that the prosecution's statements were appropriate because they represented fair comments on the evidence and were responsive to the defense counsel's summation. *People v. Ariza*, 77 A.D.3d 844, 846, N.Y.S.2d 148, 149 (2d Dep't 2010). They were neither inflammatory nor prejudicial. Petitioner was not denied a fair trial. *See Morgan v. Senkowski*, 2003 WL 22170600 (E.D.N.Y. 2003) ("State courts' rejection of claim that defendant was denied due process right to fair trial by prosecution's summation was not unreasonable application of established federal law, and thus did not support federal habeas relief, inasmuch as challenged remarks were fairly based on the evidence or fair response to arguments made in defense's summation.").

This claim has no merit.

### E. Ineffective Assistance of Counsel

Petitioner argues that he received ineffective assistance of counsel because his counsel: (1) suborned his perjury; (2) failed to make suppression arguments at the *Wade* hearing; and (3) did not submit a motion to suppress regarding identification. This argument, for the same reasons stated above, is procedurally barred. It also fails on the merits.

Petitioner claims that, regardless of what he actually told his counsel, counsel was presented with "conflicting evidence" on the veracity of his alibi, which should have led her to identify the alibi as a lie. Def.'s Mem. Supp. of Mot. to Vacate J., 13 (Jan. 12, 2012). In a memorandum submitted by his current counsel, petitioner claims that his trial court counsel "improperly advised him to testify falsely at the trial." Pet.'s Mem. Supp. of Habeas Corpus Petition (Oct. 15, 2013). An attached affidavit by petitioner declares that he "at NO time throughout the initial stage of hiring [counsel's] service . . . EVER told her that I was not present during the time of the incident because I was coming from a friend's house birthday party of his dougher [sic]" and that petitioner "wrote counsel to acknowledge her fabricated alibi defense." Id., Attach. Aff.

The mere allegation that counsel advised petitioner to commit perjury is not sufficient. See Soto v. Portuondo, 2004 WL 2501773 (E.D.N.Y. Nov. 5, 2004), at *9 ("Having knowingly and willingly participated in an attempt to obstruct justice through perjured testimony, [defendant] is not in a position to ask this court to undo the consequences of his own conscious wrongdoing on the ground that he was encouraged in this attempt by his defense attorney," quoting People v. Avery, 513 N.Y.S.2d 883, 887 (3d Dep't 1987)); see Monegro v. Grenier, 2004 WL 187129, at *6 (S.D.N.Y. Jan. 28, 2004) ("Even if petitioner did commit perjury on his counsel's advice, we would decline to create a rule that such misconduct amounts to a ground for reversing a conviction...").

There is no ground to conclude that counsel instructed petitioner to commit perjury. Neither the record nor petitioner's affidavit supports this claim. Even if petitioner did not present counsel with a false alibi, this fact sheds no light on whether counsel instructed petitioner to commit perjury. Petitioner's letter to counsel gives no indication that counsel instructed him

to offer false testimony. In the letter, petitioner simply refers to the alibi as a trial tactic: ". . . I would like you to acknowledge the alibi defense as being your tactic as a defense in my trial." Def.'s Mem. Supp. of Mot. to Vacate J. (Jan. 12, 2012), Ex. G.

The second and third allegations regarding ineffective assistance of counsel during identification and at the *Wade* hearing are also without merit. On March 30, 2004, after holding a *Mapp/Wade* hearing, the trial court found that the identification procedures were not unduly suggestive and therefore it denied a motion to suppress. *See* Decision and Order (Sup. Ct. Kings County, Mar. 30, 2004). Counsel made a reasonable decision regarding what specific arguments to advance at the *Mapp/Wade* hearing and petitioner received a fair hearing on this issue.

This claim has no merit.

## V.   Conclusion

The petition for a writ of habeas corpus is denied. Petitioner has not made, and cannot make, a substantial showing of the denial of a constitutional right. No certificate of appealability is granted with respect to any of petitioner's claims.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: November 5, 2013
      Brooklyn, New York